UNITED STATES of America ex rel.
Jimmy SANTIAGO N74164,
Petitioner,

v.

Charles HINSLEY, Warden,
Respondent.

No. 03 C 9029.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 18, 2003.

See also 2003 WL 23018575, 297 F.Supp.2d
1065.

Jimmy Santiago, Tamms, IL, Pro se.

Chief of Criminal Appeals, Illinois Attorney General's Office, Chicago, IL, for Respondent.

## MEMORANDUM ORDER [1]

SHADUR, Senior District Judge.

Jimmy Santiago ("Santiago") has submitted a 28 U.S.C. § 2254 [2] Petition for Writ of Habeas Corpus ("Petition"), using the form provided by this District Court's Clerk's Office and both filling in its blanks and supplementing his responses with handwritten materials. Complaint Part II ¶ 4 and Santiago's extended handwritten elaboration of that response reflect that he has just filed a second post-conviction petition in the state court system, so that the Petition presents a combination of assertedly exhausted and admittedly nonexhausted claims.

---

1. Although this order was prepared and ready for issuance on December 16 (the same day this Court received a copy of the Petition, just a day after it had been received in the Clerk's Office), this Court held off on its issuance because the in forma pauperis application was still being processed clerically in that office (it seems likely that only an original application had been submitted, so that no Judge's copy could be delivered to chambers along with the Judge's copy of the Petition itself). This Court is still awaiting a copy of that application two days later—and more importantly, the modest $5 filing fee (of which petitioner was probably unaware) assures that either (1) the application will be granted if petitioner has no funds at all or (2) if there are funds in petitioner's inmate trust fund account, the application will be denied but payment of the filing fee can be made immediately. Under the circumstances this Court will not delay issuance any further.

2. All further references to Title 28's provisions will simply take the form "Section—."

■ Because the Petition is thus a so-called "mixed petition," until a few years ago the seminal decision in *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) would have called for its dismissal. But the landscape has changed substantially as the result of the 1996 legislation in this area of the law, even though 28 U.S.C. § 2254(b)(2) still preserves that dismissal option if the unexhausted claims are nonmeritorious (see *Duncan v. Walker,* 533 U.S. 167, 183, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(Stevens, J., concurring)). What our own Court of Appeals (like a number of others) teaches in the different situation in which, as here, a petitioner files contemporaneously in both a state court (as to nonexhausted claims whose merits are unresolved) and the federal court (via a mixed petition) is to stay the federal action "while the state court decides what to do" (*Freeman v. Page,* 208 F.3d 572, 577 (7th Cir. 2000), citing earlier Seventh Circuit caselaw to the same effect). Indeed, *Freeman, id.* went on to say that dismissal of the petition in that case would have been reversible error.

■ This Court therefore orders that this action be stayed. As to one other issue—what should be done with the presently unexhausted claims during the stay period—this Court is of course aware of decisions that read *Rose* as precluding the stay of a mixed petition and hence as requiring the current dismissal of the unexhausted claims (see, e.g., *Ford v. Hubbard,* 330 F.3d 1086, 1097–98 (9th Cir. 2003)). But our Court of Appeals has not had occasion to opine on that subject, and it should be remembered that the entire *Rose* rationale was framed in the context of what was necessary to permit a district court to consider all facets of the habeas petition before it ruled on the merits currently. That of course is the antithesis of a stay of the petition, so it does not necessarily follow that *Rose* continues to require that treatment under the now-existing legislation. Note that if that were done, it would require Santiago to refile the presently-unexhausted claims in this action once the state court has done its work, relying on a relation-back doctrine essentially to pretend that the claims had been on file here all along. This Court eschews that formalistic and fictitious alternative: In the absence of a different directive from our Court of Appeals, it will simply leave the unexhausted claims in the Petition during the pendency of the stay.

This action is being taken at the very outset, even before this Court has had the opportunity to examine the timeliness or untimeliness of the current Petition as to the already exhausted claims. This Court will explore that subject by seeking to obtain some necessary information that has not been furnished in or with the Petition itself. And if that process were to disclose that some action other than the presently-ordered stay may be called for, this Court would be prepared to take a fresh look at the matter. In the meantime, this action is set for an informational status hearing at 8:45 a.m. May 25, 2004, for which purpose the Illinois Attorney General's office is expected to make arrangements for Santiago to be available by a telephone call to his place of confinement.